Indictment for obstructing public justice, by persuading a witness to absent himself.
The indictment set forth that in a certain prosecution pending here against Early, for selling spirituous liquor by the small measure to a certain James Adams, said Adams was duly summoned as a witness for the State; that his testimony was material; that Early persuaded him to go off, so that he could not be produced as a witness; and that he did go off.
The defendant's counsel contended before the jury, that it was necessary for the State to show on this indictment that the testimony of the witness spirited away was material; and that this was disproved by the result of the trial, Early having been acquitted on the testimony of Adams alone. (2 Chit Cr. Law 235; 1Russ. 148, 184; 1 Hawk., ch. 85, sec. 11,ch. 21, sec. 15.)
Per Curiam.
Without entering into the question whether *Page 563 
the averment be necessary, (which we doubt,) we think the fact of the materiality of this witness is abundantly proved. Early was indicted for selling liquor by a measure less than a quart to James Adams. Adams was the only witness; the indictment was found on his evidence alone; the trial of that indictment was delayed two terms by his absence, and when finally tried he only was examined. His materiality is, therefore, apparent; and the obstruction of justice, occasioned by his absence, also apparent. It is argued, that because Early was finally acquitted on the testimony of Adams, that testimony could not have been material. This does not follow. An acquittal may have been had on various other grounds, consistent with the materiality of Adams' testimony for the prosecution. But the averment is not that Adams' testimony was material for the prosecution; it was material to justice; material to the cause; without which the cause was obstructed and could not proceed; and, whether that testimony resulted in. a conviction or acquittal, it was material to the purposes of justice that the witness should have attended.
But, on the other ground, we repeat our strong impression, that it cannot be necessary, on such an indictment as this, for the State to prove the materiality of the witness. If it be so, the very success of this offence might prove its immunity from punishment; for, if the witness be kept off, his materiality can. never be known. The fact that he is summoned by the process of the court is evidence that his attendance is material for the purposes of justice, and it is an offence against justice for any one to prevent his attending. No one has the right to judge of his materiality; not even the witness himself; and it would seem that he who spirits him away, and thus obstructs the course of justice, is equally guilty, whether the `evidence of the witness would be material or not.
 The defendant was convicted, and fined $25.